By the Court.
By said section 4 of the act creating the office of dairy and food commissioner', such commissioner is empowered to employ such counsel as may by *638 him be deemed necessary for the proper enforcement of the laws, the compensation to be fixed by the commissioner. But by section 202, as amended April 19, 1898, it is provided that “It shall not be lawful for any state board or state officer to employ any attorneys or counsel, except upon the recommendation of the attorney-general, and upon the written consent of the governor and auditor of state.” These two statutes in para materia, and should be read as one statute, and when so read, the provision is that the dairy and food commissioner, in the employment of counsel, and fixing their compensation, must act upon the recommendation of the attorney-general, and upon the written consent of the governor and auditor of state. And he has no power, without such recommendation and written consent, to employ counsel to transact any business for his department. While the attorney-general is to recommend, he has no power of appointment. The power to appoint rests in the dairy and food commissioner, but such appointment must be made by him upon the recommendation of the attorney-general and the written consent of the governor and auditor of state.

Writ refused and petition dismissed.